UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

..................................................................

DAVID THAI,

                Petitioner,                      MEMORANDUM & ORDER

        -against-                                99 CV 7514 (CBA)

UNITED STATES OF AMERICA,

                Respondent.

..................................................................

AMON, UNITED STATES DISTRICT JUDGE

      This Court has before it two Mandates from the Second Circuit Court of Appeals related to this case. The first, issued by the Circuit on February 4, 2005, transfers the petition for habeas corpus relief filed by petitioner David Thai ("Thai") to this Court for consideration. The second, dated April 21, 2005, transfers a successive petition for habeas corpus relief filed by Thai to this Court for consideration as an amendment to his earlier petition.

### **Background**

      Following a jury trial before this Court, Thai was convicted of a series of crimes involving murder, assault, robbery, extortion, and racketeering. On October 23, 1992, Thai was sentenced principally to two concurrent terms of life imprisonment, plus one term of twenty years, two terms of ten years, and one term of three years, all to be served concurrently with his life terms.[1] On November 12, 1999, Thai filed a motion to vacate his conviction pursuant to 28

---

[1] On appeal, Thai's conviction for Count 15 of the indictment, which charged conspiracy to assault with a dangerous weapon "for the purpose of . . . maintaining and increasing position in the BORN TO KILL, an enterprise engaged in racketeering activity," in violation of 18 U.S.C. § 1959 was reversed. His remaining convictions were upheld. United States v. Thai, 29 F.3d

U.S.C. § 2255 on the grounds of ineffective assistance of counsel and the unconstitutionality of the racketeering statute under which he had been convicted. The government responded to Thai's petition arguing that it was both untimely and without merit.[2] Prior to a decision by this Court, on May 9, 2000, Thai made a motion to withdraw his § 2255 motion without prejudice, subsequently explaining that the fellow inmate who had helped him prepare his petition was a "nefarious litigation butcher, who often preyed upon the weak, the unexpected [sic], the naive, the illiterate and the foreign inmates, promising to champion their cause." In response to this motion, this Court issued an order advising Thai that by withdrawing his petition he risked that any future habeas petition might be considered "second or successive," requiring certification by the Court of Appeals under the gatekeeping provisions of the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. §§2244(b)(3), 2254, 2255 (2000). Without resolving whether any later petition would in fact be considered "second or successive," this Court informed Thai that it would withdraw the petition unless he directed otherwise by July 6, 2000. On July 25, 2000, having heard nothing from Thai, this Court deemed the initial petition withdrawn and closed the case.

In or about August 2001, Thai filed a motion to file a second or successive habeas petition in the Second Circuit. The Second Circuit reserved decision and directed that Thai be appointed counsel and that counsel should address the question of "whether [Thai]'s first § 2255

---

785 (2d Cir. 1994).

[2] It should be noted that on February 28, 1997, Thai moved for an extension of time within which to file his habeas petition. This Court denied his motion on March 24, 1997. Thai claims to have submitted a timely habeas corpus application "on or about April 22, 1997", which the government disputes. This Court need not address the issue of the timeliness of Thai's petition at this point.

motion, which was dismissed by the district court at the petitioner's request, constitute[d] a decision on the merits for second or successive purposes under [AEDPA]."

While this motion was pending, in November 2003, Thai wrote to this Court, seeking to collaterally attack his conviction on the grounds of newly discovered evidence, arguing that documents that he had received by means of a request under the Freedom of Information Act demonstrated that he suffered from a "mental disease or defect which rendered him mentally incompetent to the extent that he was unable to understand the nature and consequences" of his trial. On December 31, 2003, this Court issued an Order declining to accept Thai's petition in light of the proceedings before the Circuit, and directed the Clerk of the Court to transfer his petition to the Court of Appeals. In November 23, 2004, the Court of Appeals issued its Opinion declaring Thai's motion to file a second or successive habeas petition moot because his initial habeas petition was not dismissed on the merits and transferring Thai's petition to this Court for consideration.[3] The Court of Appeals made no mention of his newly discovered evidence claim.

In January 2005, Thai made two motions before this Court, the first seeking appointment of counsel and the second seeking leave to file a second or successive habeas corpus petition to include claims under Blakely v. Washington, ____ U.S. ____, 124 S. Ct. 2531 (2004). In February of 2005, Thai filed additional motions before this Court, seeking (1) an order directing that he undergo a thorough psychiatric evaluation to get an opinion on his competency and criminal responsibility at the time of the commission of the offenses at issue in this case, and (2) a motion to amend/supplement his initial 2255 motion to include claims pursuant to Apprendi,

---

[3] This Court did not receive the Mandate for this decision until February 4, 2005.

Blakely v. Washington, and Booker/Fanfan.[4]  On April 8, 2005, this Court issued an Order granting his motion to amend with Apprendi, Blakely, and Booker/Fanfan claims, a decision of which the Government has sought clarification or reconsideration by letter dated April 11, 2005. Subsequently, on April 21, 2005 this Court received a Mandate from the Court of Appeals deeming Thai's petition to file a second or successive petition raising Blakely claims moot and transferring his application "for consideration of the successive petition as an amendment to the original § 2255 motion."

## Discussion

**The Claims Presently Before This Court**

Having reviewed the voluminous filings in this case and the numerous motions filed by Thai before both this Court and before the Court of Appeals, this Court understands the following claims to be before it at this point.

a) Thai's Original Petition

In the habeas petition transferred to this Court from the Court of Appeals, Thai appears to have raised the following claims[5]: (1) the government violated Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) by failing to provide the defense with all informant-witness proffers; (2) the RICO statute is unconstitutional because it violates the

---

[4] Thai also submitted several letters seeking to supplement motions that he had previously made.

[5] Although this Court was never officially served with a copy of the habeas petition that Thai filed in the Second Circuit, the Government has provided a copy thereof, which this Court has reviewed.

right of freedom of association; (3) Thai's sentence of life in prison violates <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); (4) defense counsel was ineffective due to the language barrier between counsel and Thai.

b) <u>Amendments</u>

Thai has also made various other claims, including claims arising under <u>Apprendi</u>, <u>Blakely</u>, and <u>United States v. Booker</u>, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ("<u>Booker</u>/<u>Fanfan</u> ") and claims based on newly discovered evidence allegedly placing his mental state at the time of his criminal trial in question.

On April 8, 2005, this Court granted Thai's February 23, 2005 motion to amend his petition with claims arising under <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>/<u>Fanfan</u>. Those claims are therefore also before the Court at this time.[6]

The status of the newly discovered evidence claims, however, is unclear. As noted above, Thai filed those claims in the form of a motion to collaterally attack his conviction while he already had a motion to file a second or successive petition before the Court of Appeals. In light of the pending application before the Circuit, this Court declined to consider the motion and transferred it to the Circuit. The Circuit did not indicate in either of its Mandates whether it had considered these claims and whether they were to be construed as amendments or not. This

---

[6] By letter dated April 11, 2005, the government sought reconsideration of this decision. In light of the Mandate from the Second Circuit, received on April 21, 2005, directing this Court to consider a successive petition raising <u>Blakely</u> claims as an amendment to his original § 2255 petition, this Court denies the government's motion for reconsideration. The <u>Blakely</u> and <u>Booker</u> claims are interlinked and this Court sees no reason to permit amendment as to <u>Blakely</u> and not as to <u>Booker</u>. Moreover, in the habeas that has been transferred from the Circuit, Thai already made <u>Apprendi</u> claims, vitiating his need to amend his complaint to include them. Granting the amendment obviously does not foreclose the respondent from addressing either timeliness issues or the merits of the claims.

Court will therefore construe Thai's application to collaterally attack on the grounds of newly discovered evidence as a motion to amend his habeas corpus petition. The government shall therefore have the opportunity to respond to this motion, in writing, and to address the question of whether Thai's motion to amend his petition with these claims should be granted in accordance with the following briefing schedule.

In order to confirm that the Court has accurately represented the claims that Thai is seeking to raise, Thai is directed to confirm, by letter and in accordance with the briefing schedule set forth in this Order, that the following list comprehensively sets forth his claims.

- As argued in his motion to file a second or successive habeas before the Court of Appeals dated August 2001, (1) the government violated Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) by failing to provide the defense with all informant-witness proffers; (2) the RICO statute is unconstitutional because it violates the right of freedom of association; (3) Thai's sentence of life in prison violates Apprendi v. New Jersey; and (4) defense counsel was ineffective due to the language barrier between counsel and Thai.

- As argued in his January 5, 2005 Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence before the Court of Appeals and his February 23, 2005 Motion to this Court seeking leave to amend and/or supplement his petition, that his sentence violates Apprendi v. New Jersey, Blakely v. Washington, and Booker/Fanfan;

- Finally, as argued in his motion to this Court dated November 25, 2003 seeking to collaterally attack his conviction, that he was suffering from a mental disease or defect

rendering him unable to understand the nature and consequences of his criminal trial.[7]

**Motion to Appoint Counsel**

There is no constitutional right to representation by counsel in habeas proceedings. Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993) (citing United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960)). However, a court may, in its discretion, appoint counsel where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The standard for the appointment of counsel in civil cases, including habeas corpus proceedings, is set forth in Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see also Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). The threshold inquiry is whether the plaintiff's position appears to have some chance of success. See Hodge, 802 F.2d at 60-61; see also Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Only then should the court consider other criteria. See Hodge, 802 F.2d at 61-62. The other factors include:

> plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.

Cooper, 877 F.2d at 172.

Here, Thai argues that this Court should appoint him counsel in order to "properly litigate the habeas petitions presently before the Court and in the interest of justice." However, the Court has had the opportunity to review the merits of Thai's claims and concludes that the claims are unlikely to be successful. Moreover, the issues in Thai's case are not so complex at this point

---

[7] As indicated in this Order, the Court has not yet determined whether this claim is validly before it and the government is directed to address this question.

that assistance of counsel is required. Thai has already fully and clearly stated his claims in his petition and the various motions and supplemental briefs he has submitted to the Court. Accordingly, this Court finds that at this time, Thai's case does not merit appointment of counsel under the Hodge test. In the event that, upon receiving the government's briefs in opposition to Thai's petition, the Court finds that the issues are more complex than anticipated, it will reconsider this decision. Accordingly, Thai's motion to appoint counsel is denied.

## Conclusion

For the reasons set forth herein, Thai's motion to appoint counsel is denied. Petitioner Thai is directed to submit a letter to this Court by May 27, 2005, confirming that the claims set forth herein accurately reflect the claims he is seeking to make in his habeas petition before this Court. The Government is directed, by June 17, 2005, to address (1) Thai's motion to amend his complaint on the grounds of newly discovered evidence; (2) his request for an Order directing a thorough psychiatric evaluation; and (3) the timeliness and merits of his habeas petition. Thai's response shall be due on July 8, 2005, and any response by the government shall be submitted by July 22, 2005.

SO ORDERED.

Dated: Brooklyn, New York
       May 11, 2005

                                        Carol Bagley Amon
                                        United States District Judge

8